UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAVENPORT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C. PFEIFFER, et al.,<br><br>　　　　Defendants. | Case No.: 1:25-cv-00997-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>(Doc. 2)<br><br>**14-DAY OBJECTION DEADLINE**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff James Davenport is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

### I.    INTRODUCTION

On August 12, 2025, Plaintiff filed a complaint and an application to proceed *in forma pauperis* (IFP). (Docs. 1 & 2.)

### II.    THREE STRIKES PROVISION OF 28 U.S.C. § 1915

Title 28 of the United States Code section 1915 governs IFP proceedings. The statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner

is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted).

### III.     JUDICIAL NOTICE

The Court takes judicial notice[1] of three prior lawsuits filed by Plaintiff in this district:

1. *Davenport v. Ponce*, No. 2:14-cv-00405-TLN-CMK (E.D. Cal.) (dismissed for failure to state a claim on November 21, 2014)
2. *Davenport v. Udhe,* No. 2:16-cv-00313-EFB (E.D. Cal.) (dismissed for failure to state a claim on May 19, 2016)
3. *Davenport v. Gomez*, No. 2:16-cv-01739-JAM-KJN (E.D. Cal.) (dismissed for failure to exhaust on March 27, 2019)

A dismissal for a failure to state a claim is a strike for purposes of 28 U.S.C. § 1915(g). *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011); *see El-Shaddai v. Zamora*, 833 F.3d 1036, 1043-44 (9th Cir. 2005) (case may be dismissed for failure to state a claim where failure to exhaust is clear from the face of the complaint). Because Plaintiff has incurred at least three prior "strikes," and each was dismissed prior to the commencement of the current action on August 12, 2025, Plaintiff is subject to the section 1915(g) bar. Moreover, he is precluded from proceeding IFP in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

//

//

//

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

### IV.  IMMINENT DANGER DISCUSSION

*Plaintiff's Allegations*

The Court has conducted a review of Plaintiff's complaint.[2] Plaintiff alleges First, Eighth, and Fourteenth Amendment claims against officials at Kern Valley State Prison and an administrator in Sacramento. Plaintiff contends that after filing a grievance against an officer, he was forced to strip naked in front of cameras before going to work to avoid issuance of a rules violation report. He further contends he "ran into road blocks" concerning the grievance process because his appeals were "[i]mpeded." Plaintiff's allegations do not satisfy the imminent danger exception to section 1915(g).

The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger or insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998).

Here, Plaintiff fails to allege any genuine emergency involving a real or proximate threat where time is pressing. Lewis, 279 F.3d at 531. First, most of the conduct about which Plaintiff complains occurred in 2023 and did not involve any imminent threat of serious physical injury. *Blackman*, 2016 WL 5815905, at *1. And although Plaintiff alleges correctional officers "menacingly" taunted him on July 1, 2025, verbal harassment does not amount to imminent danger of serious physical injury. *Id.*; *Martin*, 319 F.3d at 1050; *see also Cruz v. Pfeiffer*, No. 1:20-CV-01522-AWI-SAB (PC), 2021 WL 289408, at *2 (E.D. Cal. Jan. 28, 2021) ("verbal

---

[2] Plaintiff alleged similar claims in *Davenport v. Pfeiffer*, case number 1:23-cv-01681-KES-BAM. That action was dismissed on December 18, 2024, after Plaintiff failed to pay the required filing fee following denial of his IFP application.

3

1 threats of physical harm to [] health and safety" are insufficient "to demonstrate imminent danger of serious physical injury"); *Ray v. Sullivan*, No. 1:20-cv-01699-NONE-HBK, 2021 WL 2229328, at *4 (E.D. Cal. June 2, 2021) (same); *Cruz v. Calderon*, No. 22-CV-05556-HSG, 2022 WL 18399570, at *3 (N.D. Cal. Dec. 16, 2022) (verbal threats unaccompanied by further action fail to satisfy § 1915(g)'s imminent danger exception).

To the extent Plaintiff's IFP application seeks permission to proceed "due to special circumstance [because] this is considered a PREA[3] violation" (*see* Doc. 2 at 3), filing of a PREA complaint does not equate to a finding of imminent danger of serious physical injury. *See Kelly v. Newsome*, No. 1:24-cv-01603-SKO, 2024 WL 4449929, at *1 (E.D. Cal. Sept. 10, 2024) ("Plaintiff alleges his constitutional rights were violated when prison officials verbally sexually harassed him and retaliated against him for seeking to file a [PREA] complaint following the verbal sexual harassment. … Neither circumstance poses an imminent danger of serious physical injury"); *Law v. Austin*, No. 2:17-cv-2060 JAM AC P, 2020 WL 373575, at *6 (E.D. Cal. Jan. 23, 2020) (plaintiff's fear that correctional officer would sexually assault him again did not demonstrate an imminent threat of serious physical injury).

In sum, Plaintiff fails to allege that he was in any imminent danger of serious physical injury when the complaint was filed. Therefore, Plaintiff should be precluded from proceeding IFP in this action and must pay the $405.00 filing fee to litigation this action. *Andrews*, 493 F.3d at 1052-53; *Lewis*, 279 F.3d at 531.

## V.     ORDER AND RECOMMENDATION

The Court **ORDERS** the Clerk of the Court to assign a district judge to this action.

Based on the foregoing, the Court **RECOMMENDS** that:

1. Plaintiff's application to proceed IFP (Doc. 2) be **DENIED** and Plaintiff be precluded from proceeding IFP in this action in accord with 28 U.S.C. section 1915(g); and
2. Plaintiff be ordered to pay the $405 filing fee in full within 30 days.

These Findings and Recommendations will be submitted to the United States District

---

[3] "PREA" refers to the Prison Rape Elimination Act.

Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **August 14, 2025**                    /s/ *Sheila K. Oberto*
                                                      UNITED STATES MAGISTRATE JUDGE